**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| | : | |
| Garry J. Battaglia, | : | |
| | : | Civil No. 07-941 (FSH) |
| Petitioner, Pro Se | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| Peter C. Harvey, | : | |
| Stuart Rabner, | : | Date: March 10, 2008 |
| Respondent. | : | |
| | : | |

---

This matter is before the Court on petitioner Garry J. Battaglia's application for habeas corpus relief under 28 U.S.C. § 2254. For reasons now discussed, the Court finds that this application must be dismissed for lack of jurisdiction as the petitioner is not "in custody," as required by 28 U.S.C. § 2254.

## I.  Background

After a jury trial on April 12, 2001, petitioner was found guilty of five counts of distribution of heroin, in violation of his probation and was sentenced to serve a total of ten years in prison. Petitioner filed an appeal which raised a total of nineteen legal arguments. On October 7, 2003, the Appellate Court affirmed the petitioner's conviction. On November 19, 2003, petitioner's attorney filed a Petition for Certification with the Supreme Court of New Jersey, which was denied on January 21, 2004. Petitioner's motion for Post-Conviction Relief ("PCR") was dismissed on August 9, 2005 after the PCR judge ruled that an evidentiary hearing was not necessary because petitioner had not made a prima facie showing of entitlement to relief. The Appellate Division affirmed this determination on November 28, 2006 and his

1

Petition for Certification to the Supreme Court of New Jersey was denied on January 31, 2007. Petitioner was released from the State's custody on January 15, 2006. Petitioner files this habeas corpus claim based on the theory that the collateral consequences of his conviction render him "in custody" due to the significant restraints on his liberty.

Although petitioner has been released from prison, petitioner raises four main points which he believes render him still "in custody." These arguments are: (1) Petitioner still owes money to the state for fines levied in relation to his conviction; (2) Petitioner may qualify as a persistent offender in the future; (3) Petitioner is ineligible for certain public welfare programs in his county because his convictions are drug-related offenses; (4) Petitioner's conviction may have a deleterious impact on two civil rights law suits related to his convictions.

## II.  Discussion

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added). A federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement. Indeed, as the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal habeas corpus jurisdiction." United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 50 (3d Cir. 1971), cert. denied, 409 U.S. 83 (1972). The custody requirement is designed "to limit the availability of habeas review to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." Barry v. Bergen County Probation Dept., 128 F. 3d 152, 159 (3d Cir. 1997).

2

"Custody" is defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole.  See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Municipal Court, 411 U.S. 34 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  This requirement is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  Hensley, 411 U.S. at 351.

### A. Monetary Fines levied in relation to petitioner's conviction

Petitioner first contends that, due to his extreme indigence, $5,905.00 in fines is a substantial collateral consequence.  Third Circuit law clearly holds that the payment of restitution or a fine "is not the sort of significant restraints on liberty contemplated by the 'in custody' requirement of the federal habeas corpus statutes."  Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).  Penalties that do not impose such a restraint on liberty or the imminent threat of such a restraint do not meet the custody requirement of the habeas statute.  Tinder v. Paula, 724 F.2d 801, 804 (1st Cir. 1984).  Accordingly, petitioner's first claim is insufficient to render him "in custody."

### B.  Status as a Persistent Offender in future criminal actions

Secondly, petitioner claims that because he may qualify as a persistent offender in future criminal actions, he meets the "in custody" requirement of 28 U.S.C. § 2254.  In Maleng, the United States Supreme Court held that a petitioner whose sentence had completely expired was not "in custody," even though there was a possibility that the conviction would be used to enhance future sentences.  Maleng, 490 U.S. at 492.  The Court emphasized that although the "in

custody" requirement is to be liberally construed, it cannot be extended to a situation where a petitioner "suffers no *present* restraint from a conviction."  Id.  (Emphasis added).

The Court finds petitioner's second argument to be without merit.  Although petitioner may suffer some future adverse consequences of his past criminal conviction, such a consequence does not qualify as a *present* restraint from a conviction.  To expand the "in custody" requirement to all situations in which a criminal defendant's conviction might qualify him as a persistent offender in the future would essentially abolish the statute's "in custody" requirement altogether.  In fact, if this were allowed, a petitioner whose sentence had fully expired could nonetheless challenge the underlying conviction at any time on federal habeas.  This is clearly not what the statute intended.

### C.  Ineligibility for public welfare programs

Petitioner next argues that his ineligibility for certain public welfare programs renders him "in custody" for habeas corpus purposes.  In essence, petitioner contends that he is of extreme indigence and is unable to receive public assistance because of his conviction for a drug related offense.  While there is no case law that is directly on point with this "economic restraint" argument, the Court finds that the reasoning from similar habeas corpus cases sufficiently addresses this argument.

Petitioner relies on language from Jones v. Cunningham, 371 U.S. 236, 240, 242 (1963), where the Court stated that the "in custody" requirement is no longer limited in the § 2254(a) context to physical custody alone, but also applies where individuals are subject to "significant restraints on liberty...which were not shared by the public generally"...particularly where the restraints "significantly confine and restrain the individual's freedom."  Petitioner essentially argues that the denial of certain public welfare programs is a restraint on liberty "which is not

4

shared by the public generally."  Petitioner's reliance on Jones is misplaced and does not lend support to his "economic restraint" argument.

To briefly summarize, Jones involved the question of whether a parolee is "in custody" within the meaning of federal habeas corpus.  While noting that petitioner's parole releases him from immediate physical imprisonment, the Jones' Court found that his parole imposes conditions which significantly confine and restrain his freedom and that was enough to keep him in the "custody" of the members of the Virginia Parole Board within the meaning of the habeas corpus statute.  Id. at 242.  Critical to this determination was the Court's finding that, among other restrictions and conditions, petitioner was required to obtain the permission of his parole officer to leave the community, to change residence, or to own or operate a motor vehicle.  Furthermore, he was required to make monthly reports to his parole officer, to permit the officer to visit his home or place of employment at any time, and to follow the officer's instructions and advice.  Id.  The Court found that these restrictions imposed conditions which acted as a significant restraint on his liberty.

As Jones and its progeny make clear, physical custody is no longer an adequate proxy for identifying all circumstances in which federal adjudication is necessary to guard against governmental abuse in the imposition of "severe restraints on individual liberty.  Hensley, 411 U.S. at 351.  However, the appropriate inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review is for a court to judge the severity of an actual or potential restraint on *liberty*.  Id.  (Emphasis added).

Here, petitioner suffers from no present or potential restraint on his *liberty*.  Petitioner's complaint focuses on the denial of certain public welfare programs which are more properly

5

characterized as an "economic restraint" rather than a restraint on his liberty.  Federal habeas

jurisdiction does not operate to remedy economic restraints.  <u>Shenandoah v. Halbritter</u>, 366 F.3d

89, 92 (2d Cir. 2004).  Indeed, the denial of public welfare programs do not place a "significant

restraint on petitioner's physical liberty."  The denial of such assistance does not limit his

movement, deny him entry to anywhere he may wish to go or require him to make appearances

before state officials.  The constraints of his criminal conviction lack the discernible impediment

to movement that typically satisfies the "in custody" requirement.  The denial of such assistance

programs is a collateral consequence to his conviction, and therefore, does not satisfy the "in

custody" requirement of habeas review.  Accordingly, petitioner's argument that his ineligibility

for public welfare programs render him "in custody" for federal habeas purposes is rejected.

### D.  Impact on petitioner's Civil Rights lawsuits related to his convictions

Petitioner's final contention is that the effects of his conviction will have a substantial

impact on two Civil Rights cases that he has brought against the State.  Petitioner states that the

first case, <u>Battaglia v. State of New Jersey</u>, 03-cv-178 (FSH), was brought on the grounds that

the State unlawfully searched and seized "valuable literary work-products" created by petitioner.

In his second suit against the State, <u>Battaglia v. Office of the Attorney General</u>, 05-cv-3186

(KSH), also stemmed directly from his criminal charges and alleges that "law enforcement and

prosecutorial employees conspired to condone, permit and promote terroristic threats made

against him by the State's key witnesses," while petitioner was housed in the Sussex County Jail

awaiting his trial.  Petitioner claims that "putting him in the position of having to resume

litigation of this suit without the benefit of federal review of the criminal matter will affect his

liberty, freedom and constitutional rights as a citizen to litigate this suit as any other public citizen would be able to so do."

Petitioner does not clearly state how the effect of his conviction on his pending civil action is a significant restraint on his liberty so as to render him "in custody."  Therefore, the Court finds petitioner's argument with respect to his Civil Rights cases to be without merit.

### III.  Conclusion

Because the petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254, this Court does not have jurisdiction to grant his application.  The petition for a Writ of Habeas Corpus is DISMISSED.[1]  An appropriate Order will issue.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J

---

[1]Because the Court lacks jurisdiction to consider petitioner's habeas petition, the Court declines to address petitioner's motion for a court appointed polygraph examiner.